# UNITED STATES DISTRICT COURT
## Western District of Texas
## San Antonio Division

| | | |
|---|---|---|
| **Alex Avila**, individually and on behalf of all those similarly situated <br><br> Plaintiff, <br><br> v. <br><br> **Reynolds Energy Transport LLC** <br><br> Defendant | § § § § § § § § § § § § | <br><br><br><br><br>CA No: 5:20-cv-463<br><br><br>Collective Action<br>Jury Demanded |

**Plaintiff's Collective Action Complaint**

Alex Avila ("**Plaintiff**") brings this action individually and on behalf of all others similarly against Reynolds Energy Transport LLC ("**Defendant**") and in support shows the Court the following:

1. **Nature of Suit.**

    1.1. This is an opt-in collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("**FLSA**").

    1.2. Defendant employed Plaintiff and other truck mechanics whose primary job duties involved manual labor tasks in the form of repairing trucks used in the oil field.

2. **Parties.**

   2.1. Plaintiff worked for Defendant in Texas in the three years preceding the filing of this case. Plaintiff is filing his consent to participate in this case with the Court.

   2.2. Plaintiff brings this action individually and on behalf of those operators similarly situated pursuant to the FLSA ("**Class Members**" or "**Mechanics**"). The Class Members consist of Defendant's current and former Mechanics who were paid hourly but not paid overtime and who worked more than 40 hours in one or more workweek over the previous three years.

   2.3. Defendant is a Texas limited liability company, licensed to do business in the State of Texas. Defendant's registered agent for service of process in Texas is Ronald L Bair, 14711 Pebble Bend, Houston, TX 77068.

3. **Jurisdiction and Venue.**

   3.1. Venue of this action is proper in this district and division because Defendant maintains an office in this District. Venue exists in the judicial district pursuant to 28 U.S.C. § 1391.

   3.2. Defendant carries on substantial business in the Western District of Texas and has sufficient minimum contacts with this state to be subject to this Court's jurisdiction.

   3.3. This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA.

4. **Coverage.**

    4.1. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and the Class Members.

    4.2. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

    4.3. At all times hereinafter mentioned, Defendant has been an enterprise with the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

    4.4. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant has had employees engaging in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce for any person and Defendant has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). Plaintiff and the Class Members specifically handled and used materials that traveled in interstate commerce, including oil and gas equipment and rigs.

    4.5. Defendant is an oil and gas services company. Two or more of Defendant's employees, engage in commerce by using equipment that has traveled in interstate commerce. By way of example and not by limitation, Defendant's employees used/use:

  4.5.1. Maintenance equipment and tools that has been manufactured and shipped across state lines;

  4.5.2. computers and telecommunications equipment that has been manufactured and shipped across state lines;

  4.5.3. office equipment, such as copiers, that has been manufactured and shipped across state lines;

  4.5.4. the interstate telephone systems, landline and cellular, to recruit and employ individuals for operational positions;

  4.5.5. The United States postal system to send mail across state lines; and

  4.5.6. the interstate banking systems to pay Defendant's employees.

4.6. At all times hereinafter mentioned, Plaintiff and the Class Members were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 203(e)(1).

5. **Factual Allegations.**

5.1. Defendant provides a service to the oil and gas industry moving liquids in trucks.

5.2. Defendant provides services to oil and gas wells and drilling sites that incorporate and use equipment and material that have traveled in interstate commerce.

5.3. Plaintiff worked for Defendant and reported to its Runge, Texas Location. Plaintiff was assigned to perform duties at various locations within Texas.

5.4. During the Relevant Period, Plaintiff's job responsibilities consisted of manual labor tasks in the form of repairing trucks.

5.5. This lawsuit covers the period of time Plaintiff and the putative Class Members were treated as exempt employees for purposes of the FLSA and were not paid time and one-half his regular rate of pay for hours worked in excess of 40 hours in a work week (the "**Relevant Period**").

5.6. Plaintiff and the putative Class Members routinely worked more than 40 hours in a work week during the Relevant Period. For example, during the pay period ending January 19, 2020 Plaintiff worked 72.1 hours and was paid straight time of $26.00 for all of those hours.

5.7. Plaintiff and the putative Class Members were paid on an hourly basis. They were paid straight time and no overtime for all hours worked.

5.8. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the putative Class Members.

6. **Motor Carrier Act and the Technical Corrections Act**

6.1. Section 207 of the FLSA requires an employer to pay overtime compensation to any employee working more than forty hours in a workweek. See 29 U.S.C. § 207(a)(1); *Singer v. City of Waco*, 324 F.3d 813, 818 (5th Cir.2003). Under the Motor Carrier Act exemption, the provisions of 29 U.S.C. § 207, however, do not apply "with respect to—(1) any employee with respect to whom the

Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49...." 29 U.S.C. § 213.

6.2. Even if the Motor Carrier Act exemption could apply to Plaintiff and the Class Members, it is negated by the "Small Vehicle Exception" to the Motor Carrier Act exemption.

6.3. During each workweek Plaintiff and the Class Members are assigned to operate vehicles that include vehicles with a gross vehicle weight rating ("GVWR") of 10,000 pounds or less. They do not "exclusively [drive] vehicles greater than 10,000 pounds during a workweek." *Roche v. S-3 Pump Serv., Inc.*, 154 F. Supp. 3d 441, 448 (W.D. Tex. 2016); SAFETEA–LU TECHNICAL CORRECTIONS ACT OF 2008, PL 110–244, June 6, 2008, 122 Stat 1572 ("TCA"). Thus, under the TCA Plaintiff and the Class Members are "covered employees" and entitled to overtime under the FLSA.

6.4. Regardless of the type of vehicle operated by the Mechanics, Defendant does not pay at the overtime rate for hours greater than 40 during a workweek.

6.5. During the workweeks during which the Mechanics "in whole or in part" perform work "affecting the safety of small vehicles" (non-commercial vehicle weighing 10,000 pounds or less), the overtime pay exemption of section 13(b)(1) of the FLSA does not apply to the Mechanics. See, the U. S. Department of Labor Wage and Hour Division, Field Assistance Bulletin No. 2010-2.

6.5.1. The Field Assistance Bulletin specifically provides in part as follows:

> This memorandum clarifies the effect of the Safe, Accountable, Flexible, Efficient Transportation Equity Act: a Legacy for Users Technical Corrections Act of 2008 (TCA), P.L. 110-244, on section 13(b)(l) of the Fair Labor Standards Act (FLSA). **Effective June 6, 2008, the overtime pay exemption under section 13(b)(1) does not apply to a driver, driver's helper, loader, or mechanic in any workweek in which their work affects the safe, interstate operation of certain motor vehicles weighing 10,000 pounds or less** (hereinafter referred to as "small vehicles").
> . . .
>
> TCA section 306(a) extends FLSA section 7 overtime requirements to employees covered by TCA section 306(c), notwithstanding FLSA section 13(b)(1). This means the overtime pay requirements apply to an employee of a motor carrier or motor private carrier in any workweek in which the employee works, "*in whole or in part*", as a driver, driver's helper, loader or mechanic affecting the safety of operation of small vehicles on public highways in interstate or foreign commerce. (emphasis added).

6.6. Defendant was aware of FLSA overtime requirements with regard to the Mechanics but chose to ignore such requirement in an effort to increase its profits.

**7. Collective Action Allegations**

7.1. It is the policy of Defendant not to pay overtime wages to Plaintiff and the Mechanics for any workweek in which they (a) worked on or operated both a vehicle with a GVWR of greater than 10,000 pounds and a vehicle with a GVWR of 10,000 pounds or less; (b) worked exclusively on a vehicle with a GVWR of

10,000 pounds or less or (c) worked on a vehicle with a GVWR of greater than 10,000 pounds.

7.2. Defendant does not pay overtime because Defendant has a policy of classifying each Mechanic as an exempt employee due to the Motor Carrier Act exemption. Such policy applies to Plaintiff and all Mechanics.

7.3. Thus, other employees have been victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

7.4. The Class Members do not qualify for the Motor Carrier Act exemption as they are "covered employees" under the Technical Corrections Act and performed job duties typically associated with non-exempt employees. Their duties were routine and did not require the exercise of independent judgment or discretion. Moreover, these employees regularly worked more than 40 hours in a workweek and were not paid one-half their regular rate of pay for hours worked in excess of 40 hours in a work week.

7.5. Accordingly, the employees victimized by Defendant's unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

7.6. Defendant's failure to pay overtime compensation at the rates required by the FLSA is based on Defendant's generally applicable policy of classifying each Nitrogen Operator as an exempt employee due to the Motor Carrier exemption

and does not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experiences are typical of the experience of the Class Members.

7.7. The specific job titles, precise job requirements or job locations of the various Class Members do not prevent collective treatment.  All Class Members, regardless of their work location, precise job requirements or rates of pay, are entitled to be paid the minimum wage and/or overtime compensation for hours worked in excess of 40 hours per week.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The questions of law and fact are common to Plaintiff and the Class Members.

7.8. The class of similarly situated Plaintiffs is properly defined by as follows:

> **All Mechanics who worked for Defendant within the last three years who were paid only straight time, worked in excess of 40 hours in one or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks.**

7.9. As a collective action, Plaintiff seeks this Court's appointment and\or designation as representative of a group of similarly situated individuals as defined herein.

8. **Cause of Action: Failure to Pay Wages in Accordance with the Fair Labor Standards Act.**

8.1. Each and every allegation contained in the foregoing paragraphs 1-7, inclusive, is re-alleged as if fully rewritten herein.

8.2. During the relevant time period, Defendant violated and continues to violate the provisions of section 7 of the FLSA, 29 U.S.C § 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for weeks longer than 40 hours without compensating for work in excess of 40 hours per week at rates no less than one-and-a-half times their regular rates of pay. Defendant has acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

9. **Jury Demand.**

   9.1. Plaintiff demands a trial by jury herein.

10. **Relief Sought.**

    10.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that he and all those who consent to be opt-in plaintiffs in this collective action recover from Defendant, the following:

    10.1.1. An Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and appointing Plaintiff and his counsel to represent the Class Members;

    10.1.2. An Order requiring Defendant to provide the names, addresses, email addresses and telephone numbers of all potential Class Members;

    10.1.3. An Order approving the form and content of a notice to be sent to all potential Class Members advising them of the pendency of this litigation and of their rights with respect thereto;

10.1.4. Overtime compensation for all unpaid hours worked in excess of forty hours in any workweek at the rate of one-and-one-half times their regular rates;

10.1.5. All unpaid wages and overtime compensation;

10.1.6. An award of liquidated damages pursuant to 29 U.S.C § 216 as a result of the Defendant's failure to pay overtime compensation pursuant to the FLSA;

10.1.7. Reasonable attorneys' fees, expert fees, costs, and expenses of this action as provided by the FLSA;

10.1.8. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

10.1.9. Such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

By:    */s/ Chris R. Miltenberger*
      Chris R. Miltenberger
      Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**
1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

**Attorney for Plaintiff**